UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TONY MAYA,

                     Plaintiff,

- against -

THE CITY OF NEW YORK,
P.O. MORRIS (Tax ID # Unknown),
and P.O. "JOHN DOE" #1-5, Individually
and in their official capacities (the name John Doe
being fictitious as the true names are presently
unknown),

                     Defendant.
----------------------------------------------------------------x

14 CV 3170

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

JUDGE NATHAN

RECEIVED
MAY 0 5 2014
U.S.D.C. S.D. N.Y.

    Plaintiffs, TONY MAYA, by his attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

    1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

    2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

    3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

    4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, TONY MAYA, is a citizen of the United States and at all relevant times a resident of the City and State of New York.

7. THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. MORRIS, and P.O. "JOHN DOE" #1-5, were duly sworn police officers of the New York City Police Department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

13. On November 22, 2013 at approximately 3:30 a.m., the plaintiff, along with some of his friends, were in the vicinity of 97 McDougal Street in Manhattan.

14. At that time the Plaintiff was involved in a verbal dispute with his friend; it was not a physical altercation.

15. P.O. MORRIS and P.O. "JOHN DOE" #1-5 arrived on the scene and grabbed the Plaintiff's friend and threw him up against a wall.

16. The Plaintiff believed that the force used against his friend was excessive, so he began recording the police on his i-pad. The Plaintiff announced to the police that he was recording them.

17. In response, the Plaintiff was told by the Defendant police officers to put the camera down and that he was under arrest.

18. The Plaintiff was physically grabbed and slammed into a Yellow cab that was in temporarily stopped in the street. The P.O. that grabbed and slammed the Plaintiff will be referred to as P.O. "JOHN DOE" #1.

19. While the Plaintiff's body was up against the taxi cab, the taxi cab drove away causing the Plaintiff to fall to the floor. Various parts of Plaintiff's body struck the ground causing substantial pain, suffering, bruising, and injury.

20. The Plaintiff was handcuffed. The Plaintiff's handcuffs were placed on his wrists in an unreasonably tight manner and in a manner that caused pain.

21. The Plaintiff sustained significant pain, suffering, bruising, and injury.

22. The Plaintiff did not commit a crime.

23. The Plaintiff was arrested without probable cause.

24. The Plaintiff was assaulted by P.O. "JOHN DOE" # 1 without justification.

25. While at the police precinct, the Defendant police officers deleted the Plaintiff's video.

26. The Plaintiff was held in custody for a prolonged period of time before being released with a desk appearance ticket.

27. P.O. MORRIS and P.O. "JOHN DOE" #1-5 knew that the Plaintiff did not commit a crime and, nonetheless, subjected him to an unlawful arrest without probable cause.

28. The charges issued against the Plaintiff were dismissed.

29. As a result of the foregoing, the plaintiff suffered, <u>inter alia</u>, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## FEDERAL LAW CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
### DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

32. All of the aforementioned acts deprived plaintiff of the rights, privileges and

immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

33. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

34. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

35. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C § 1983

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

38. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

39. As a result of the foregoing, the plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of

life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## THIRD CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C § 1983

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. That the level of force employed by defendants, including P.O. "JOHN DOE" #1, against Plaintiff, was objectively unreasonable and in violation of Plaintiff's, constitutional rights.

42. As a result of the foregoing, the plaintiff suffered, inter alia, multiple bodily injuries as well as psychological injuries, pain, suffering, physical injury, loss of enjoyment of life, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, and damage to reputation.

## STATE LAW CAUSES OF ACTION

## FIRST STATE LAW CLAIM FOR RELIEF
### *NEGLIGENCE*

43. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. That the Defendant, CITY OF NEW YORK, had a duty to the Plaintiff to ensure that the CITY OF NEW YORK, through its employees, agents, and servants, and through the Defendant police officers, would not create conditions that would unreasonably increase his chance of being injured during the course of an arrest.

45. That the Defendant, CITY OF NEW YORK, breached that duty when its employees,

agents, and servants, including the Defendant police officers, and including P.O. "JOHN DOE" # 1, placed the Plaintiff's body up against a Taxi Cab, which is a movable object, during the course of his arrest. The Taxi Cab moved away causing the Plaintiff's body and head to strike the ground. It was reasonably foreseeable that the Taxi Cab could move away while the Plaintiff's body was up against the vehicle.

46. The Plaintiff's injuries were proximately related to the actions of the CITY OF NEW YORK and the Defendant police officers.

47. That the foregoing injuries sustained by the Plaintiff was caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the defendant CITY OF NEW YORK and the Defendant police officers, including P.O. "JOHN DOE" # 1, and without any negligence on the part of the plaintiff, contributing thereto.

## SECOND STATE LAW CLAIM FOR RELIEF
### *FALSE ARREST*

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

50. That the detention of the plaintiff by defendant was objectively unreasonable and in violation of plaintiff's constitutional rights.

51. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiff sustained, inter alia, loss of

earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of his constitutional rights.

### THIRD STATE LAW CLAIM FOR RELIEF
*ASSAULT*

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendant, P.O. "JOHN DOE" #1, intended to cause and/or to place the Plaintiff in fear or apprehension of harmful or offensive contacts with Plaintiff's person.

54. Plaintiff was placed in great fear and apprehension of harmful and offensive contacts with his person.

55. Plaintiff was placed in fear and apprehension that the actions of P.O. "JOHN DOE" #1 would cause him to become injured or falsely arrested.

56. At no time did the Plaintiff consent to any of the acts of P.O. "JOHN DOE" #1.

57. P.O. "JOHN DOE" # 1 committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the safety of the Plaintiff.

### FOURTH STATE LAW CLAIM FOR RELIEF
*BATTERY*

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendant, P.O. "JOHN DOE" # 1, intended to make harmful or offensive contact with the Plaintiff's person.

60. Plaintiff was subjected to a harmful and offensive contact with his person as a result

of the actions of P.O. "JOHN DOE" # 1.

61. At no time did the Plaintiff consent to any of the acts of P.O. "JOHN DOE" # 1.

62. P.O. "JOHN DOE" # 1 committed the foregoing acts intentionally, despicably, maliciously, and oppressively to injure the Plaintiff, and in willful and conscious disregard of the safety of the Plaintiff.

## THEORY OF LIABILITY
## VICARIOUS LIABILITY and RESPONDEAT SUPERIOR

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. That the corporate defendant, THE CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including but not limited to the Defendant police officers, under the legal theories of "Vicarious Liability" and "Respondeat Superior".

## CONDITIONS PRECEDENT

65. Within 90 days of the Plaintiff's injury a Notice of Claim was served upon the defendant City of New York, setting forth:

   a. The name and post office address of the claimant and his attorney;

   b. The nature of the claim;

   c. The time when, the place where, and the manner in which the claim arose;

   d. The items of damages and injuries sustained so far as practicable.

66. The Notice of Claim was served upon the defendant, CITY OF NEW YORK, within 90 days after Plaintiff's several causes of action accrued.

67. That on April 18, 2014, The defendant CITY OF NEW YORK conducted a hearing pursuant to Section 50-H of the General Municipal Law.

68. This action has been commenced against the CITY OF NEW YORK within one year and 90 days after Plaintiff's various causes of action have accrued.

69. Plaintiff has duly complied with all of the conditions precedent to the commencement of these causes of action.

## DAMAGES AND RELIEF REQUESTED

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution;

    D. To receive equal protection under the law.

72. By reason of the aforesaid conduct by defendants, plaintiff is entitled to special and compensatory damages, punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE**, Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action for the Federal Causes of Action; and

**WHEREFORE,** Plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages for the State Causes of Action.

Dated: New York, NY
April 28, 2014

By: _____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832